PER CURIAM.
Defendant-appellant, Willie James Simpson, was tried by a jury, convicted as indicted of first degree murder, and sentenced to life in prison. At the trial, the judge appointed counsel for two witnesses, Lonnie Surrency and Emory Miller, who allegedly were threatened with perjury by the state. One of the witnesses, Lonnie Surrency, previously had testified before the grand jury. These two witnesses, as advised by counsel, took the Fifth Amendment and refused to testify.
On appeal, defendant-appellant’s main argument appears to be that Lonnie Surrency gave false testimony to the grand jury because of alleged intimidation by the state. Nevertheless, at the jury trial both Surrency and Miller never testified. After being advised of their constitutional rights, they took the Fifth Amendment and thereby followed the advice of counsel whom the judge appointed on the suggestion of the defendant.
Appellant’s counsel in his brief relies upon Hall v. State, 136 Fla. 644, 187 So. 392 (1939), wherein a defendant was being prosecuted for perjury, the false testimony alleged to have been given at a first murder trial. Thus, it follows that Hall can be distinguished factually from the case at bar. In the case sub judice, we are not concerned with an actual prosecution for perjury, the witness did not testify at the trial, and the false testimony allegedly was given before the grand jury.
Therefore, we must reject the Hall case as controlling. Further, even in Hall the court held that in the conduct of trials generally, including the order of proof and introduction of evidence, much is left to the trial judge’s discretion.
We also have considered appellant’s other points on appeal and find them to be without merit.
No prejudicial error having been made to appear, the judgment of the lower court is hereby affirmed.
Affirmed.